# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM ANDOH,** | : | |
| Petitioner | : | **CIVIL ACTION NO. 3:15-0733** |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | **(JUDGE MANNION)** |
| Respondent | : | |

## **MEMORANDUM**

## I. **Background**

William Andoh, an inmate confined in the Correctional Institution at Moshannon Valley, Philipsburg, Pennsylvania ("CI-Moshannon Valley"), filed the above-captioned action, seeking "immediate deportation pursuant to I.N.S. 242(h) as amended in 8 U.S.C. 1252(h)(2)(a)." (Doc. 1). For relief, Petitioner seeks to be deported without having to complete the remainder of his sentence. (Id. at p. 1). Furthermore, Petitioner states that he is "ready and willing to waive his rights for deportation hearings before the completion of his sentence of imprisonment." (Id.). For the reasons outlined below, Petitioner's motion will be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241[1] and the action will be transferred to the United States District Court for the

---

[1] "Habeas corpus review under §2241 'allows a federal prisoner to challenge the "execution" of his sentence.' Woodall v. Federal Bureau of Prisons, 432 F. 3d 235, 241 (3d Cir. 2005). Review is available 'where the deprivation of rights is such that it necessarily impacts the fact or length of detention.' Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002)." Bratini v. United States, 2015 U.S. Dist. LEXIS 44175, *1 n.1 (M.D. Pa. Apr. 3, 2015) (Brann, J.).

Western District of Pennsylvania. See Bratini v. United States, 2015 U.S. Dist. LEXIS 44175, *1 n.1 (M.D. Pa. Apr. 3, 2015) (Brann, J.) (construing petitioner's action requesting to be immediately deported without having to complete the remainder of his federal sentence as a section 2241 habeas petition).

## II. Discussion

Habeas corpus petitions pursuant to section 2241 "may only be sought in the district court having jurisdiction over a petitioner's custodian."[2]. Bratini, 2015 U.S. Dist. LEXIS 44175, *2 (citing Rumsfeld v. Padilla, 426, 442 (2004); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973)). Although CI-Moshannon Valley's mailing address is in Philipsburg, Pennsylvania, which is located in Centre County and "within the confines of the Middle District of Pennsylvania," CI-Moshannon Valley "is actually located in Decatur Township, Clearfield County, Pennsylvania, which is within the jurisdiction of the United States District Court for the Western District of Pennsylvania." Id. (citing Tsoukalas v. United States, 215 F. App'x 152 (3d Cir. 2007) (per curiam) (jurisdiction over a section 2241 petition filed by a CI-Moshannon Valley inmate rests within the United States District Court for the Western District of Pennsylvania)). Therefore, "[a]s recognized in Tsoukalas, this Court lacks

---

[2]Here, the only named Respondent is the United States of America. (Doc. 1, p. 1). However, "[t]he only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, in this case the [CI-Moshannon Valley] Warden." Bratini, 2015 U.S. Dist. LEXIS 44175, *1-2 n.2 (citing 28 U.S.C. §2242).

jurisdiction over the Warden of [CI-Moshannon Valley]." Bratini, 2015 U.S. Dist. LEXIS 44175, *3.

"A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought." Id. (citing 28 U.S.C. §1404(a)). As a result, this action will be transferred to the United States District Court for the Western District of Pennsylvania pursuant to section 1404(a). A separate Order will be issued.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**Dated:    April 20, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0733-01.wpd

3